UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSHUA PAYNE,** | : | **CIV NO. 1:22-CV-559** |
| **Plaintiff,** | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| **L. WHITE, et al.,** | : | |
| **Defendants** | : | |

### MEMORANDUM AND ORDER

This matter comes before the Court on a request to appoint counsel for the plaintiff, a *pro se* litigant. (Doc. 16). Payne makes this request near the outset of the litigation when a motion to dismiss is pending in this case. (Doc. 11). While we appreciate the plaintiff's continued interest in securing court-appointed counsel, we also recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Instead, 28 U.S.C. § 1915(e)(1) simply provides that "[t]he court may request an attorney to represent any person unable to employ counsel." Under §1915(e)(1), a district court's appointment of counsel is discretionary and must be made on a case-by-case basis. Tabron, 6 F.3d at 157-58. In Parham, the United States Court of Appeals outlined the standards to be

considered by courts when reviewing an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). In passing on such we requests we must first:

> [D]etermine[] that the plaintiff's claim has some merit, then [we] should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, 126 F.3d at 457. There is yet another practical consideration which must be taken into account when considering motions for appointment of counsel. As the United States Court of Appeals for the Third Circuit has aptly observed:

> Finally, in addressing this issue, we must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. It is difficult to fault a district court that denies a request for appointment under such circumstances.

Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993). Mindful of this consideration it has been "emphasize[d] that volunteer lawyer time is extremely valuable. Hence, district courts should not request counsel under § 1915(d) indiscriminately. As the Court of

Appeals for the Second Circuit has warned: "Volunteer lawyer time is a precious commodity. . .. Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989); Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993).

In this case our analysis of these factors leads us to conclude that counsel should not be appointed in this case at the present time. At the outset, appointment of counsel would be premature since we have not had the opportunity to fully consider the first factor we must examine: the merits of the plaintiff's claims. On this score we note that there is a motion to dismiss pending in this case. Following the resolution of any potentially dispositive motions, we will be better able to assess this request. In any event, the remaining issues in this case appear to be discrete and well-known to the plaintiff, who has thus far shown the ability to litigate his claims. Further, the amount of investigation needed in this case seems minimal. Taking all of these factors into account we DENY this request to appoint counsel (Doc. 16), at this time without prejudice to re-examining this issue at the request of the plaintiff, or *sua sponte*, as this litigation progresses.

**CIV NO. 1:22-CV-559**

SO ORDERED, this 19th day of July 2022.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
