**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSHUA PAYNE,**<br>**Plaintiff**<br><br>**v.**<br><br>**PINKY BORA SAIKIA, M.D., et al.,**<br>**Defendants** | :<br>:<br>:<br>:<br>:<br>:<br>: | **No. 1:22cv559**<br><br>**(Judge Munley)** |

# MEMORANDUM ORDER

Before the court are two motions for appointment of counsel filed by Plaintiff Joshua Payne in this civil rights action. (Doc. 111, 116). Payne is presently incarcerated at SCI–Camp Hill and proceeds *pro se* and *in forma pauperis*.

Payne's action presents one remaining claim under 42 U.S.C. § 1983 alleging deliberate indifference to the plaintiff's severe diabetic neuropathy by the medical providers at SCI–Mahanoy. Payne v. Bora Saika, No. 1:22CV559, 2024 WL 3461051, at *1 (M.D. Pa. July 17, 2024). Defendants recently filed a second motion for summary judgment asserting that plaintiff failed to exhaust his administrative remedies. (Doc. 123). As of the date of this order, plaintiff has not responded to the motion for summary judgment pursuant to the Rules of Court for the Middle District of Pennsylvania, although that deadline only recently passed.

Regarding plaintiff's pending motions, civil litigants have no constitutional or statutory right to appointed counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the court has broad discretion to request counsel to represent an indigent civil litigant. Houser v. Folino, 927 F.3d 693, 698 (3d Cir. 2019) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)). The court must first determine as a threshold matter whether Payne's claim has "arguable merit in fact and law." Tabron, 6 F.3d at 155. That determination has already been made by the order denying summary judgment on his Section 1983 claims. Consequently, the court must consider the following non-exhaustive factors:

> 1) The plaintiff's ability to present his or her own case;
> 2) The complexity of the legal issues;
> 3) The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> 4) The amount a case is likely to turn on credibility determinations;
> 5) Whether the case will require the testimony of expert witnesses; and
> 6) Whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.at 457–58 (citing Tabron, 6 F.3d at 155-56, 157 n.6); see also Houser v. Folino, 927 F.3d 693, 698 (3d Cir. 2019) (holding that Tabron applies to successive requests for counsel).

***Ability to present his own case*** – In this particular case, Payne successfully opposed the defendants' first motion for summary judgment by

demonstrating that there was a genuine issue of material fact with respect to his deliberate indifference claims. Payne v. Bora Saika, No. 1:22-CV-00559, 2024 WL 3463839, at *21 (M.D. Pa. June 27, 2024), report and recommendation adopted, No. 1:22CV559, 2024 WL 3461051 (M.D. Pa. July 17, 2024). Payne also has considerable experience litigating his cases before judges of the Middle District of Pennsylvania and the Third Circuit Court of Appeals.

On the other hand, a litigant's ability to file and respond to motions does not conclusively establish that a litigant is able to present his own case. Houser, 927 F.3d at 699 (quoting Parham, 126 F.3d at 459). The court recognizes that Payne is an incarcerated person. Plaintiff has previously indicated that he is categorized as a D-roster inmate with the state corrections system due to his mental health needs. (Doc. 38). Under DOC policy, the plaintiff is now treated as if he has a mental illness which causes him to *experience significant functional impairment*. This fact cannot be ignored or minimized due to plaintiff's tenacity in this case or in others. See Dooley v. Cousins, No. 3:18CV1310, 2025 WL 3296308, at *3 (M.D. Pa. Nov. 26, 2025). Additionally, the remaining defendants are medical doctors and a physician's assistant. They are represented by a team of lawyers well-versed in prison medical claims. At any eventual trial, Payne would be at a disadvantage attempting to prove his claims to a jury without legal representation.

This matter, however, is not listed for trial. To move forward, Payne must address the defendants' second motion for summary judgment couched on his alleged failure to exhaust administrative remedies. Payne has encountered this issue on several previous occasions in his other lawsuits. See e.g. Payne v. Gourley, No. 1:23-CV-532, 2025 WL 921417 (M.D. Pa. Jan. 23, 2025), report and recommendation adopted, No. 1:23CV532, 2025 WL 924026 (M.D. Pa. Mar. 26, 2025), aff'd, No. 25-1765, 2025 WL 2717312 (3d Cir. Sept. 24, 2025). At this juncture, this factor does not weigh in favor of appointing counsel but may be revisited after disposition of defendants' second motion for summary judgment.

***Complexity of the issues*** – Similarly, to survive defendants' second motion for summary judgment, the plaintiff must supply evidence demonstrating a genuine issue of material fact on the exhaustion of administrative remedies. This is an issue that plaintiff has encountered in the recent past. Accordingly, this factor does not weigh in favor of appointing counsel at this time but may be revisited later.

***Factual investigation and credibility*** – Incarceration inherently limits a litigant's ability to investigate. Yet, this case appears to involve a minimal amount of investigation following the partial denial of the defendants' first motion motion for summary judgment. This factor does not weigh in favor of appointing counsel at this time.

***<u>Necessity of expert witnesses</u>*** – At this juncture, the court cannot rule out that Payne will require an expert to support his claims. <u>See</u> <u>Shifflett v. Korszniak</u>, 934 F.3d 356, 367 (3d Cir. 2019); <u>Boring v. Kozakiewicz</u>, 833 F.2d 468, 473–74 (3d Cir. 1987). In the event that Payne cannot demonstrate the seriousness of his injury through his own testimony, he cannot reasonably be expected to procure, pay for, or effectively depose a medical expert from his prison cell. Again, however, the failure to administratively exhaust his claims is presently at issue. An expert is not required to address the defendants' current arguments.

***<u>Ability to afford counsel</u>*** – Payne is proceeding *in forma pauperis*. He cannot afford counsel. This factor unquestionably weighs in favor of appointment of counsel.

***<u>Scarcity of pro bono counsel</u>*** – As an additional consideration, "[t]he scarcity of pro bono counsel is important, even if it is not among the delineated <u>Tabron</u> factors." <u>Houser</u>, 927 F.3d at 700. Further, courts are directed to "exercise care in appointing counsel because volunteer lawyer time is a precious commodity." <u>Montgomery v. Pinchak</u>, 294 F.3d 492, 499 (3d Cir. 2002). At the present time, given consideration of the other factors above and the issues the court has encountered securing pro bono counsel for other incarcerated litigants, the undersigned will enter an order denying Payne's motions for counsel without prejudice, understanding that circumstances may compel the opposite outcome

later in this case. Additionally, because the motions for counsel were pending before the second motion for summary judgment was filed, the court will extend Payne's deadline to respond by 21 days from the date of this order.

Consequently, for the reasons set forth above, it is hereby **ORDERED** that:

1) Plaintiff Joshua Payne's motions for appointment of counsel, (Docs. 111, 116), are **DENIED** without prejudice;

2) Plaintiff's brief in opposition to defendants' second motion for summary judgment and his response to defendants' statement of material facts is due **on or before September 1, 2026**; and

3) Defendants' motion for summary judgment is referred to a United States Magistrate Judge for the issuance of a report and recommendation.

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**

8/11/26